```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                  HARRISON DIVISION
```

**DANIEL RAY BROWN**                                           **PLAINTIFF**

v.                          Civil No. 10-3006

**SHERIFF DANNY HICKMAN;**
**DEPUTY RYAN WATSON; and**
**BOONE COUNTY, ARKANSAS**                                     **DEFENDANTS**

### O R D E R

Now on this 11th day of March, 2011, comes on for consideration the **Report and Recommendation of the Magistrate Judge** (Doc. 47) in this matter.  The Court, having carefully reviewed said Report and Recommendation, finds as follows:

1.  Plaintiff, Daniel Ray Brown, is proceeding *pro se* and *in forma pauperis.*

2.  Plaintiff filed his complaint on January 10, 2011, under 42 U.S.C. § 1983.  Specifically, plaintiff alleges that Deputy Ryan Watson detained and arrested him while he was attempting to load his property into his personal storage unit.  Plaintiff further alleges that -- after Deputy Watson arrested him -- Deputy Watson refused to close and lock the door to the plaintiff's storage unit and, as a result, valuable and sentimental personal property was stolen from his unit.  Plaintiff also alleges that he was harassed by the defendants.  Plaintiff asks the Court to order the defendants "to replace my property with equal value of money.  I want to be paid in full and also for sentimental things that were lost.  I want to be paid for harassment also, $100,000.00."

3. The plaintiff subsequently filed motions to amend his complaint to name the defendants in their individual and official capacities. The Magistrate Judge granted those motions. Thus, this case is proceeding against the individual defendants in their individual and official capacities.

4. Defendants filed a Motion for Summary Judgment (Doc. 23), and the plaintiff filed a timely response (45). This matter was referred to the Magistrate Judge for consideration.

5. On March 1, 2011, the Magistrate Judge entered his Report and Recommendation in which he found that plaintiff's claim for deprivation of property fails as a matter of law because:

* plaintiff does not allege that the missing property was intentionally taken or destroyed by the defendants and inadvertence, negligence or even gross negligence is insufficient to state a claim under § 1983. *See Sellers by and through Sellers v. Baer*, 28 F.3d 895, 902-03 (8th Cir. 1994); and

* even if plaintiff alleges that the deprivation was intentional, he has an adequate remedy at law because he could bring a claim for conversion under Arkansas state law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

6. The Magistrate also found that plaintiff's claim for verbal abuse and harassment failed because such acts do not state a constitutional claim. *See McDowell v. Jones*, 990 F.2d 422, 434 (8th Cir. 1993).

7. Plaintiff has objected to the Report and Recommendation because he claims that he is not alleging a deprivation of property, but is alleging a "loss of property." Regardless of how the plaintiff chooses to describe his claim, the Court agrees that the plaintiff has an adequate remedy at law because he could bring a state-law claim for conversion and, thus, his § 1983 claim must be dismissed.

8. Plaintiff also raises for the first time in his objection to the Report and Recommendation that he wants to assert new claims for "Illegal Search and Seizure," and "Cruel and Unusual Punishment." The Court finds that plaintiff's request to amend his complaint to add these new claims comes too late in this case. Plaintiff filed this lawsuit over one year ago and the Court finds that justice would not be served by an amendment at this late stage in the case.

9. Finally, plaintiff asks the Court to order that the Magistrate Judge recuse from this case or that this case be "referred or reassigned," but plaintiff cites no basis for recusal, other than the adverse rulings he has received in this case. Because there has been no showing of a basis for the Magistrate Judge or the undersigned to recuse, or to reassign this case, plaintiff's request is denied.

10. The Court finds that the Magistrate Judge's Report and Recommendation is sound in all respects and should be adopted *in toto.*

**IT IS THEREFORE ORDERED** that the plaintiff's **objections** to the **Report and Recommendation of the Magistrate Judge** (Doc. 47) are hereby **OVERRULED**.

**IT IS FURTHER ORDERED** that the **Report and Recommendation of the Magistrate Judge** is **adopted** *in toto.*

**IT IS FURTHER ORDERED** that the defendants' **Motion for Summary Judgment (Doc. 23)** is **GRANTED** and this case is hereby dismissed with prejudice.

**IT IS SO ORDERED.**

        /s/Jimm Larry Hendren
        **HON. JIMM LARRY HENDREN**
        **UNITED STATES DISTRICT JUDGE**